```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHEL TOLIVER,

                        Plaintiff,

      - against -

N.Y.C. DEPARTMENT OF CORRECTIONS, et al.,

                        Defendants.

MEMORANDUM
OPINION AND ORDER

10 Civ. 0822 (RJS) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro Se* Plaintiff Michael Toliver filed this case on February 3, 2010. On the same day, Chief Judge Preska granted Toliver's request to proceed *in forma pauperis*. On September 9, 2010, Toliver filed a motion for sanctions against the Defendants and a motion that the Court order his transfer to a different facility. On October 21, 2010, Defendants moved that this Court revoke Plaintiff Toliver's *in forma pauperis* status. On November 5, 2010, Toliver informed the Court that he had been moved to a new facility. On November 12, 2010, the Court ordered Toliver to show good cause why his *in forma pauperis* status should not be revoked. For the reasons below, the Defendants' motion to revoke Toliver's *in forma pauperis status* is **DENIED** and Toliver's motion that the Court order his transfer is **DENIED** as moot

      The "three strikes" rule, 28 U.S.C. § 1915(g), allows a judge to revoke the *in forma pauperis* status of a prisoner who has had three cases dismissed as frivolous, malicious or failing to state a claim for relief. In their letter, Defendants call attention to four cases previously filed by Toliver that Defendants claim qualify as "strikes" under the rule. One of these cases, *Toliver v. Dep't of Corr., et al.*, No. 07 Civ. 3017 (KMW) (S.D.N.Y. Apr. 16, 2007), was dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and counts as a strike. The other three cases, however, while citing to

28 U.S.C. § 1915(e)(2)(B)(ii), the failure to state a claim subsection of the *in forma pauperis* statute, state clearly that they were dismissed for failure to amend the complaint, or in other words, failure to prosecute. *Toliver v. Dep't of Corr., et al.*, No. 07 Civ. 4539 (KMW) (S.D.N.Y. Sept. 11, 2007); *Toliver v. Prison Health Srvs.*, et al., No. 07 Civ. 4575 (KMW) (S.D.N.Y. Sept. 11, 2007); *Toliver v. NYC Police Dep't SOMU, et al.*, No. 07 Civ. 5877 (KMW) (S.D.N.Y. Sept. 11, 2007). Courts in this Circuit have declined to find that a dismissal for failure to prosecute qualifies as a strike, *Harry v. Doe*, No. 09 Civ. 2342, 2009 WL 2152531, at *2 (E.D.N.Y. Jul. 17, 2009) ("the Court considers it unlikely that the dismissal for failure to prosecute would count as a strike"), *Kalwasinski v. McCraken*, No. 09 Civ. 6295, 2009 WL 4042973, at * 4 (W.D.N.Y. Nov. 19, 2009), and other Circuits have definitively ruled that a dismissal for failure to prosecute is not a strike. *See, e.g., Butler v. Dep't of Justice*, 492 F.3d 440, 443 (D.C. Cir. 2007); *Torns v. Mississippi Dep't of Corrections*, 317 Fed. Appx. 403, 404 (5th Cir. 2009). This Court agrees, and finds that Toliver has not accumulated the three strikes that would require revocation of his *in forma pauperis* status.

With respect to his motion asking this Court to order his transfer to another facility, by letter dated November 5, 2010, Toliver notified the Court that he had been transferred. His motion is therefore moot.

Accordingly, Defendants' motion to revoke Toliver's *in forma pauperis* status is **DENIED** and Toliver's motion to transfer is **DENIED**. Defendants are hereby **ORDERED** to file their response to Toliver's motion for sanctions by **January 7, 2011**. Toliver **SHALL** file his reply to Defendants' response by **January 24, 2011**.

**SO ORDERED this 21st day of December 2010**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

2