```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  5-31-11
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHEL TOLIVER,                                    :

                                    Plaintiff,      :

                    - against -                      :

N.Y.C. DEPARTMENT OF CORRECTIONS, et al.,   :

                                    Defendants.     :

**MEMORANDUM**
**OPINION AND ORDER**

**10 Civ. 0822 (RJS) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge**

*Pro Se* Plaintiff Michael Toliver filed this case on February 3, 2010, alleging that he was assaulted by correctional officers. On July 13, 2010, Toliver filed an Amended Complaint to include allegations regarding a second assault that he alleges occurred in retaliation for the filing of this lawsuit. On October 21, 2010, in lieu of serving an Answer, Defendants, in a letter motion, requested that this Court revoke Toliver's *in forma pauperis* status. That request was denied on December 21, 2010, and a motion for reconsideration of that decision was denied on January 7, 2011. On March 31, 2011, Toliver moved to consolidate this case with another case also pending in this District. That motion was denied on April 20, 2011, and this Court directed Defendants to enter an Answer by May 20, 2011. In a letter dated May 24, 2011 (that contains no explanation for its tardiness), Defendants now request that this Court order Toliver to file a more definite statement pursuant to Fed. R. Civ. P. 12(e). For the reasons below, Defendants' request is **DENIED**.

Fed. R. Civ. P. 12(e) allows a party to move for a more definite statement when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." "A motion pursuant to Rule 12(e) should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Caraveo v. Nielsen Media Research, Inc.*, No. 01

Civ. 9609, 2002 WL 530993, at *2 (S.D.N.Y. Apr. 8, 2002) (quoting *Boothe v. TRW Credit Data*, 523 F.Supp. 631, 635 (S.D.N.Y.1981)). "Motions for a more definite statement are generally disfavored because of their dilatory effect." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, No. Master File 1:00-189, MDL 1358, 2005 WL 1500893, at *2 (S.D.N.Y. June 24, 2005). This concern is particularly relevant in this case, where more than ten months have passed since the filing of the Amended Complaint and no responsive pleading has been entered.

Motions for a more definite statement have been granted in this District where plaintiffs failed to allege the specific facts giving rise to a claim, *see, e.g., Agilent Technologies, Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090, 2004 WL 2346152, at *4-*6 (S.D.N.Y. Oct. 19, 2004) (complaint alleged that Defendant had infringed on Plaintiff's patents, but did not describe specific infringing acts); failed to make clear which defendants were responsible for specific acts alleged, *see, e.g., Caraveo v. Nielsen Media Research, Inc.*, No. 01 Civ. 9609, 2002 WL 530993, at *2-*3 (S.D.N.Y. Apr. 8, 2002); or failed to allege facts necessary to make out a claim. *See, e.g., Stewart v. Crosswalks Television Network*, No. 98 CV 7316, 2002 WL 265162, at *1 (S.D.N.Y. Feb. 25, 2002) (complaint alleging employment discrimination failed to specify race, gender, or age of individual plaintiffs). Toliver's Amended Complaint is lengthy, disjointed, and consists primarily of copies of other documents, including the original Complaint in this case and various grievances that Toliver has filed with the Department of Corrections, but it contains none of the sort of failures detailed above.[1] A review of the Amended Complaint, in fact, reveals two alleged physical assaults, one on December 15, 2009, and the second on May 20, 2010 (Am. Compl. at 2), and one alleged instance of verbal threats, on January 24, 2010 (Am.

---

[1]The Amended Complaint also is not written in numbered paragraphs, as required by Fed. R. Civ. P. 10(b). This alone, however, does not constitute grounds for granting a motion for a more definite statement. *See, e.g., Dunlop-McCullen v. Local 1-S RWDSU-AFL-CIO*, No. 94 Civ. 1254, 1994 WL 478495, at *1 (S.D.N.Y. Sept. 1, 1994).

Compl. at 13), that form the basis for Toliver's claims. The Defendants involved in each alleged incident are clearly named and their roles clearly described, and Toliver also includes an explanation of why he believes he has a basis to sue the other Defendants not directly involved in the alleged incidents. (Am. Compl., Ex. 1.)

Those of us who spend our days within the confines of the legal profession become quickly accustomed to prescribed modes of discourse. This Court, which maintains a substantial *pro se* docket, sympathizes with the difficulties inherent in being confronted with a legal filing that falls outside of these familiar patterns. The Court, however, has confidence in the abilities of Defendants' counsel to interpret the Amended Complaint. Accordingly, Defendants' request for a more definite statement is **DENIED**. Defendants are hereby **ORDERED** to file their Answer by **June 17, 2011**.

**SO ORDERED this 31st day of May 2011**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge