UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHEL TOLIVER,

          Plaintiff,

v-

NEW YORK CITY DEPARTMENT OF CORRECTIONS, DOC WARDEN GRVC, CORRECTION OFFICER STULTZ (#9231), CAPTAIN MERCED (#211), COMMISSION OF D.O.C., WARDEN DUFFY OF R.N.D.C., CAPTAIN CAVALLI (#1492), ASSISTANT DEPUTY WARDEN DONOVAN, CORRECTION OFFICER CHERRY (#17814), CORRECTION OFFICER BOND (#11026), DEPARTMENT OF CORRECTION – LEGAL DIVISION, CAPTAIN CAPUTO (#481), CHIEF OF DEPARTMENT, CAPTAIN GATES (#261), CORRECTION OFFICER ROMAN (#18735), CAPTAIN GATES (#261), CAPTAIN UNKNOWN JOHN/JANE DOES (#545), CORRECTION OFFICER CABBLE (#14329), OFFICER JOHN/JANE DOE (GRVC),

          Defendants.

---

MICHEL TOLIVER,

         Plaintiff,

v-

P.H.S. CORP. AND MENTAL HEALTH-KEPPLINPHILLIPS, NEW YORK CITY DEPARTMENT OF CORRECTIONS, COMMISSION OF CORRECTIONS N.Y.C., CHIEF OF THE DEPARTMENT OF CORRECTION, WARDEN OF G.R.V.C. 09-09 HAZEN ST., DEPARTMENT OF CORRECTION – LEGAL DIVISION, CAPTAIN CAPUTO, CORRECTION OFFICER STULTZ (#9231), CORRECTION OFFICER SMITH (#18520), CORRECTION OFFICER JOHN DOE, CAPTAIN MERCED CORRECTIONS N.Y.C. (#211), CAPTAIN GATES CORRECTIONS N.Y.C.,

         Defendants.

No. 10 Civ. 0822 (RJS) (JCF)
No. 10 Civ. 5355 (RJS) (JCF)

**[PROPOSED]
JOINT JURY VOIR DIRE
QUESTIONS**

Pursuant to the Court's Individual Practices, the Parties respectfully submit the following list of proposed questions for prospective jurors, with certain objections indicated.

**Proposed Questions**

1. Please state your full name and county of residence.

    A. How long have you lived there? Do you rent or own? If you live in New York City, in what borough and neighborhood do you live in?

2. Are you employed? What is your job title? What are your job responsibilities?

    A. Please state any other job you have held over the past five years.

3. Are there other members of your immediate family who are employed? If so, where?

4. What is the highest grade of school you have attended? Do you hold any academic degrees? If so, which one(s)?

5. Were you ever in the military?

    A. Which branch?

    B. What ranks did you hold?

    C. What duties did you have?

    D. Were you ever in the military police?

    E. Were you honorably discharged?

6. Have you ever served on a jury before? If so, please identify the location and nature of the case or cases on which you served. Was it civil or criminal? Grand Jury? Did you deliberate? What was the outcome?

7. Have you or has any member of your household ever been a party to a lawsuit? If so, please explain.

8. Please describe any personal hobbies and interests you have. What newspapers and magazines do you read regularly? What television channels/programs do you watch regularly?

9. What, if any, organizations (*i.e.* labor unions, business associations, literary or social clubs) do you belong to?

10. Do you ever watch television shows or movies about prisons, law enforcement, lawyers or trials? If so, can you put aside any expectations you might have about this trial that are based on what you have seen on television or in the movies?

11. Do you know anyone currently or previously employed by Cravath, Swaine & Moore, LLP or the Office of the Corporation Counsel?

12. Plaintiff is Michel Toliver, do you know him? If so, please explain.

13. Do you know Stuart Gold, Helam Gebremariam and/or Krystal Commons? If so, please explain.

14. The defendants are: Frank Cavalli; Noel Merced; Frank Smith; and Selvin Stultz. Do you know any of them? If so, please explain.

15. Do you know Joseph Marutollo and/or Steven Silverberg? If so, please explain.

16. Do you know anyone who was or is employed by or in any way connected with the New York City Department of Correction? Any agency of the City of New York?

17. In addition to the Parties, you may hear either testimony from or mention of the following individuals. Please let us know if you recognize any of these names:

    A. Nicholas Pantea, RPA, Correctional Health Services;

    B. Captain Joseph Caputo, Shield No. 481;

    C. Kippling Phillips, Correctional Health Services;

    D. Captain Marlo Gates, Shield No. 261;

    E. Correction Officer Kenroy DeCamp, Shield No. 18342;

    F. Correction Officer Vickie Cabble, Shield No. 14329;

    G. Correction Officer Cody, Shield No. 17808;

    H. Donald McGibbon, PA-C, Correctional Health Services;

    I. Adriana Vives, M.D., Correctional Health Services;

    J. Michael Canales;

    K. Benny Delgado.

18. Have you or has any member of your family or a close friend ever been the victim of a crime? (May be discussed outside presence of other potential jurors).
    A. What was the nature of the crime?

    B. Was the perpetrator punished?

    C. What was the result?

2

    D.    Were you satisfied with the results?

19. Have you or has any member of your immediate family ever been incarcerated in any jail or correctional facility? If yes, please explain the circumstances. (May be discussed outside presence of other potential jurors).

20. Have any of your neighbors, friends or relatives ever been incarcerated? If yes, please explain the circumstances. (May be discussed outside presence of other potential jurors).

21. Have you, members of your family, or your friends ever been detained on Riker's Island? If so, what were the circumstances? (May be discussed outside presence of other potential jurors).

22. Have you, members of your family, or your friends ever visited an inmate on Riker's Island? If so, what were the circumstances? (May be discussed outside presence of other potential jurors).

23. Do you have any bias against the New York City Department of Corrections, or any other law enforcement agency generally? If so, please explain. Would this affect your ability to be fair and impartial in this case? (May be discussed outside presence of other potential jurors).

24. Have you read anything in the news or seen anything on television or on the internet concerning the New York City Department of Correction? If yes, please explain outside the presence of other potential jurors. Would this affect your ability to be fair and impartial in this case? (May be discussed outside presence of other potential jurors).

25. Does your job cause you to work with any law enforcement officer and/or correction officer or agency?

26. Do you know anyone, including your neighbors, friends, co-workers or relatives, who works or has worked in or as (a) a law enforcement agency, including state or local police force; (b) any department of corrections; (c) any government agency; (d) the FBI; (e) any prosecutor's office; (f) probation or parole agency; (g) a private detective or security guard agency; or (h) a jail or prison or as a parole or probation officer?

27. Have you or has any member of your immediate family ever held any job in (a) a law enforcement agency, including state or local police force; (b) any department of corrections; (c) any government agency; (d) the FBI; (e) any prosecutor's office; (f) probation or parole agency; (g) a private detective or security guard agency; or (h) a jail or prison or as a parole or probation officer?

28. ***Defendants object to the following question:*** Do you believe that even pre-trial detainees are entitled to basic constitutional rights?

29. ***Defendants object to the following question:*** Would you be able to believe a prisoner accusing corrections officer(s) of use of excessive force?

30. ***Defendants object to the following question:*** Other than in self-defense, do you believe it is ever appropriate for a corrections officer to (a) hit an incarcerated individual or (b) use physical force against an inmate? Please explain.

31. ***Defendants object to the following question:*** If a person's constitutional rights were violated, would you have any trouble awarding damages for that person's alleged injuries just because that person was in prison? If a pre-trial detainee and a correction officer give conflicting testimony about the same incident, would you be inclined to believe one person over another? Why?

32. ***Defendants object to the following question:*** Would you have any difficulty returning a verdict in favor of a pre-trial detainee who alleges that excessive force was used against him by a correction officer?

33. This is a case in which an inmate[1], Mr. Toliver, has sued four New York City correction officers alleging civil rights violations. Would you have any difficulty being completely fair and impartial in such a case? If so, please explain in the absence of the other members of the panel.

34. Do you have feelings or beliefs that lawsuits are not the proper way for someone to seek compensation for an injury they believe was caused by someone else?

35. ***Defendants object to the following question:*** Do you believe that you could not, for whatever reason, place a dollar value on Mr. Toliver's alleged injuries, including injuries for pain and suffering, emotional and physical injuries?

36. ***Defendants object to the following question:*** Would you have any trouble awarding damages not just to compensate a person for injuries, but to punish a corrections officer who abused his authority?

37. ***Defendants object to the following question:*** Do you have a maximum sum of money that you would never exceed in an award to Mr. Toliver?

38. This case may include allegations of sexual misconduct inside the prison setting. Would this affect your ability to be fair and impartial in this case? If so, please explain. (May be discussed outside the presence of other potential jurors).

---

[1] Plaintiff objects to the use of the term "inmate" as opposed to "pre-trial detainee".

4

39. ***Defendants object to the following question:*** Have you or any members of your family ever been accused of a crime which you did not commit? Please explain. [May be discussed outside the presence of other potential jurors]

40. Have you or any members of your family ever had any experiences or interactions with the Bronx District Attorney's Office? If yes, please explain outside the presence of other potential jurors.

| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP, | ZACHARY W. CARTER<br>Corporation Counsel of the<br>City of New York |
| By _/s/ Stuart W. Gold_<br>Stuart W. Gold<br>Helam Gebremariam<br>Krystal Commons | By _/s/ Joseph A. Marutollo_<br>Joseph A. Marutollo<br>Steven M. Silverberg |
| | Assistant Corporation Counsel |
| Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | 100 Church Street, Rm. 3-168<br>New York, New York 10007<br>(212) 356-2334 |
| *Attorneys for Plaintiff Michel Toliver* | *Attorneys for Defendants* |