# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———
CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1280

STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR

SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN

GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
PAUL C. SAUNDERS

November 13, 2014

<u>Toliver v. Cavalli et al; 1:10-cv-0822 (RJS)(JCF); 1:10-cv-05355 (RJS)(JCF)</u>

Dear Judge Sullivan:

On behalf of Plaintiff Michel Toliver, we write in response to Defendants' November 12, 2014 letter. We believe that dismissal of 10-cv-0822 and 10-cv-5355 is wholly unwarranted under the circumstances.

*First*, as Defendants recognize, dismissal with prejudice is a "harsh remedy" to be used only in "extreme situations". *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011). Such "extreme situations" are not present here. The documents referenced by Mr. Toliver on the stand, were immediately produced to Defense counsel and Defense counsel will have the opportunity to cross-examine Mr. Toliver on each of these documents during the remainder of their examination.

*Second*, there were only four documents in the set produced to Defense counsel yesterday evening that were responsive to the Bronx District Attorney line of questioning. Mr. Toliver testified on the record that he produced the December 3, 2011 document to Defendants. (11/12/2014 Trial Tr. at 278:13-279:3.) With respect to the (i) March 26, 2012; (ii) January 2, 2014 and (iii) September 23, 2014 documents, each of those is dated after the close of discovery in 10-cv-5355 and none is responsive to Defendants' document requests.[1] Contrary to Defendants' statement, Plaintiff does dispute that these documents should have been produced.

---

[1] In their November 12, 2014 letter, Defendants identify two document requests to which they believe these documents were responsive. (*See* Letter from J. Marutollo to H. Sullivan, dated November 12, 2014 at 3 n.3.) The first, document request "8" asked that

*Third*, to the extent Defendants are now claiming that they did not have the opportunity to investigate Mr. Toliver's position that he filed a complaint with the Bronx District Attorney related to the May 20, 2010 incident, defense counsel stated on the record yesterday that they had initially planned to call representatives from the Bronx District Attorney's Office in order to testify that Mr. Toliver had not filed a complaint in connection with the May 20, 2010 incident. (11/12/2014 Trial Tr. at 284:13-24.) Plaintiff has no objection if Defendant seeks to introduce these witnesses now.

Ultimately, there are numerous ways for this trial to proceed fairly without resorting to the drastic remedy of dismissal. Dismissal under these circumstances would be unjustified and we respectfully request that Your Honor deny Defendants' request for such relief.

Respectfully,

Helam Gebremariam

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007

---

Plaintiff produce "all documents that relate to all complaints *made* by plaintiff to any government agency . . ." (*Id.*) (emphasis added). The three documents at issue were not documents *made* as the date of the document requests (or as of the date of the close of discovery) and therefore, need not have been produced. Similarly with respect to "2", the request asks that Plaintiff "produce all documents regarding the Incident . . . that *are* in plaintiff's possession, custody or control". Again, these documents were not in plaintiff's possession, custody or control at the time of the document requests because they did not yet exist.

Copies to:

Joseph A. Marutollo, Esq.
    Assistant Corporation Counsel
        Special Federal Litigation Division
            New York City Law Department
                100 Church Street
                    New York, NY 10007

Steven M. Silverberg, Esq.
    Assistant Corporation Counsel
        Special Federal Litigation Division
            New York City Law Department
                100 Church Street
                    New York, NY 10007

VIA EMAIL & ECF